PAGÁN LÓPEZ & Co., DEMANDANTE Y APELADA, *v.* MAYAGÜEZ DOCK AND SHIPPING COMPANY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso para recobrar la posesión de bienes muebles con indemnización de daños y perjuicios.

No. 1076.—Resuelto en abril 28, 1914.

DAÑOS Y PERJUICIOS—FALTA DE PRUEBAS—DETENCIÓN DE MERCANCÍAS.—Apareciendo de la prueba que las mercancías sólo fueron detenidas por los deman-

dados ocho días y no habiéndose probado que los demandantes sufrieran per-
juicio alguno, ni que las mercancías sufrieran deterioro debe revocarse la
sentencia apelada que condena a los demandantes al pago de $200 de indem-
nización.

CONTRADEMANDA—MERCANCÍAS DESEMBARCADAS CONTRAVINIENDO EL CONOCIMIENTO
  DE EMBARQUE—FLETE Y ALMACENAJE DE DICHA MERCANCÍA.—Habiendo los
  demandados desembarcado y almacenado la mercancía en litigio con la opo-
  sición de los demandantes y con infracción del conocimiento de embarque
  expedido, no tienen derecho a reclamar compensación por el desembarco de
  dicha mercancía en sus ancones y por el almacenaje en el muelle y por tanto
  procede la desestimación de la contrademanda.

·Los hechos están expresados en la opinión.

Abogado de la apelada: *Sr. Leopoldo Feliú.*

Abogado de la apelante: *Sr. José de Diego.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El día 22 de mayo de 1912, este tribunal emitió su opinión y sentencia en el caso de *Pagán, López y Ca.* v. *Mayagüez Dock & Shipping Co.,* 18 D. P. R., 396, por la que el tribunal revocó la sentencia dictada por la Corte de Distrito de Mayagüez ordenando a la referida corte que dictara sentencia a favor de la demandante y ''que resolviera sobre los daños y perjuicios reclamados por los demandantes por los méritos de las pruebas practicadas en el pleito.'' Después de devuelto el caso a la Corte de Distrito de Mayagüez no se celebró nuevo juicio; la corte meramente consideró la prueba presentada en el pleito original y dictó sentencia a favor de la demandante, fijando los daños y perjuicios en la suma de $200, declarando sin lugar la reconvención formulada por la demandada en la cual exigía una compensación por el uso de sus ancones y muelle para traer a tierra las mercancías de la demandante. Alega la apelante que la corte cometió error al conceder daños a la demandante y desestimar la reconvención.

La compañía apelada no hizo comparecencia ni ha presentado tampoco ningún alegato. Según consta de los autos las mercancías de la demandante vinieron a poder de la demadada en o hacia el día 21 de noviembre de 1910, y fueron ocupadas por el márshal en 23 de noviembre, 1910. El día

28 de noviembre 1910, firmaron las partes una estipulación por virtud de la cual dichas mercaderías habían de ser entregadas a la demandante, como en realidad fueron entregadas, en 29 de noviembre. De suerte que la demandante solamente quedó privada de sus mercaderías durante ocho días. No aparece de un examen que se haga de la prueba que las referidas mercaderías hubieran sufrido daño alguno o que se hubiera ocasionado realmente algún inconveniente a la demandante debido a dicha demora. Tampoco quedó probada la existencia de algún otro elemento constitutivo de daño o perjuicio a no ser que fuera el de la detención de las indicadas mercaderías.

Al ser devuelto el caso por este tribunal a la corte de distrito para que fijara los daños y perjuicios no fué su intención que dicha corte dictara necesariamente sentencia condenando a la demandada al pago de daños y perjuicios sino únicamente en el caso de que las pruebas justificaran esa acción, puesto que la corte inferior está en mejores condiciones para apreciar dichos daños si es que algunos se ocasionaron. Como quiera que sea no se ha demostrado que la demandante hubiera ofrecido pruebas adicionales y estamos limitados a considerar solamente la prueba que se presentó en el caso anterior. Examinada esta prueba llegamos a la conclusión de que los daños y perjuicios, si hubo algunos, fueron nominales.

En cuanto a la reconvención opinamos, de conformidad con las resoluciones de este tribunal, que la demandada se encontraba ilegalmente en posesión de las mercaderías de la demandante y estaba por tanto obligada a la devolución o entrega de las mismas. Si bien la demandada exigía el pago de una suma como compensacion, por su flete y almacenaje la demandante pudo haber alegado que el cobro que se le hacía por dicho flete y almacenaje era un daño proveniente de la detención ilegal. La demandada no podía exigir nada al ejercitar su dominio sobre las mercaderías que no constituyera un perjuicio para la demandante. La demandada retuvo ile-

galmente las mercancías de la demandante y no tiene derecho alguno a exigir daños por tenerlas bajo su custodia o depósito.   Opinamos que la corte procedió correctamente al declarar sin lugar la reconvención.

Por el error cometido condenándose a la demandada al pago de daños y perjuicios debe revocarse la sentencia en lo que respecta a la concesión de dichos daños en ella decretados, pero sin costas u honorarios en la corte inferior.

*Revocada la sentencia en cuanto a la condena de costas y confirmada en lo demás.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.